IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | |
|---|---|
| In re:<br><br>**BALJIT KAUR KOCHHAR,**<br><br>Debtor. | Case No. 20-12930-TJC<br>(Chapter 13) |

### MOTION TO DISMISS WITH PREJUDICE

John P. Fitzgerald, III, the Acting United States Trustee for Region 4 ("United States Trustee"), by counsel, hereby asks this Court for an order dismissing this case with prejudice and further barring Baljit Kaur Kochhar ("Baljit"), Debtor, from refiling another bankruptcy case for two (2) years, pursuant to Section 1307.  Through serial bankruptcy filings that the Baljit has filed in her own name and in the name of her daughter, Sonia Kochhar ("Sonia"), Baljit has frustrated her legitimate creditors and abused the bankruptcy system.  The United States Trustee is filing this motion to stop Baljit's abusive filings.  In further support, the United States Trustee states as follows:

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(a), (b); 28 U.S.C. § 157.   A motion to dismiss a Chapter 13 case is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(a).

2.      The United States Trustee has standing to raise, appear and be heard on the matters set forth in this pleading pursuant to 11 U.S.C. § 307 and files this motion in furtherance of his administrative duties under 28 U.S.C. § 586.

3. The United States Trustee seeks the relief requested herein pursuant to 11 U.S.C. §§ 105, 109(g), 349, and 1307.

4. Venue is proper under 28 U.S.C. § 1409(a)

5. Baljit initiated the instant Chapter 13 case on March 5, 2020.

6. Rebecca A. Herr was appointed to serve as Chapter 13 Trustee.

7. The Meeting of Creditors is scheduled for April 16, 2020. Thus, the United States Trustee has timely filed this motion.

## FACTUAL BACKGROUND

8. Baljit is no stranger to bankruptcy. She has filed a total of eight cases in her own name. Baljit has also filed cases in the name of her daughter, Sonia, without Sonia's knowledge or consent. Baljit has also filed bankruptcy for at least one of her businesses.

9. Over the years, the United States Trustee has been involved in a few of Baljit's cases. The United States Trustee was first introduced to Baljit in March 2014 when her daughter, Sonia, complained to the United States Trustee that Baljit had filed bankruptcy in Sonia's name without Sonia's permission, consent or authority. *See* Case No.: 14-13787. Believing that Baljit committed a fraud on this Court, the United States Trustee filed a Motion to Dismiss Case and to Correct Erroneous Record ("Motion to Dismiss"). *Id.* at Dkt. 15. The Motion to Dismiss was accompanied by a signed Affidavit in which Sonia affirmed, under the penalty of perjury, that "Baljit posed as me [Sonia] filed this Bankruptcy Case in my name to stop the pending foreclosure." Sonia further stated that the address shown on the petition – 7221 Titonka Way, Derwood, MD 20855 – was Baljit's address and that Sonia did not live there. Lastly, Sonia stated in the Affidavit that Baljit has admitted to Sonia that she filed the

2

bankruptcy case without Sonia's knowledge or consent. *Id.* at Dkt. 15-1. On April 10, 2014, this Court entered an Order Granting Motion to Dismiss Case and to Correct Erroneous Record. *Id.* at 16.

10. Two weeks after Case No. 14-13787 was dismissed, Baljit filed a Chapter 7 bankruptcy in her own name on May 19, 2009. Case No.: 14-17183. The United States Trustee filed a Complaint to Deny Discharge of Debtor. Adversary No.: 14-00736. Ultimately, the parties settled by allowing Baljit to dismiss her case with a two-year ban on filing another bankruptcy case. Case No.: 14-17183 at Dkt. 86.

11. Since the filing of Case No. 14-13787, Baljit has filed four cases in her own name and six cases in the name of her daughter, Sonia. Sonia recently testified that she did not authorize, consent or know about these bankruptcies at the time they were filed. She further testified that her mother, Baljit, filed each of the bankruptcy cases in Sonia's name.

> Q Ms. Kochhar, I've just marked Exhibit 1, which is a listing that I printed yesterday from Pacer indicating multiple bankruptcies pulled in the name of Sonia Kaur Kochhar. Do you -- and the question that I had started with related to a 2017 bankruptcy filing, which is number 17-22398. Is it your -- based on your testimony, are you saying that that was not filed by you?
>
> A That was not filed by me.
>
> Q And what about the 1911924?
>
> A That was not filed by me. If you pull them, you can tell.
>
> Q And what about 1811406 down at the bottom?
>
> A Not filed by me.

Q So which, if any of these, have been filed by you personally?

A None of them. If you actually notice, this 2013 I'm listed as an attorney -- sorry, 2012 Chapter 13, I'm listed at the attorney there.

Q I see that, yes.

A So I will say I filed that one.

. . .

Q So your testimony is that -- just so I'm clear -- you've never invoked for your own behalf a bankruptcy protection -- bankruptcy action?

A I have filed two. There was one in, I believe it was 2010.

Q Okay.

A Where I voluntarily dismissed it. And then there was one in 2011, I think, where I voluntarily dismissed it.

Q Okay. And those are the only two that you filed?

A Yes, ever in my entire life.

Q Okay. In any jurisdiction?

A In any jurisdiction.

Q Okay. So it's your position that with regard to all of these -- and except for the two that you identified, and except for the ones where you're listed as an attorney, that each of these was initiated by your mother?

A Yes. And I've contacted the Department of Justice about this.

See Transcript of Sonia attached as Exhibit 1 at p. 50/21 - 53/1.

12. In total since January 2014, Baljit has filed the following twelve (12) bankruptcies either in her own name or in the name of Sonia is as follows:

| Case No | Name | Address on Petition | Ch. | Filed | Dismissed | Notes |
|---|---|---|---|---|---|---|
| 14-13787 | Sonia | 7221 Titonka Way (this is Baljit Kochhar's address) | 7 | 3/12/14 | 4/10/14 | Case dismissed on motion of the United States Trustee because of Sonia's claim that the Debtor fraudulently filed the bankruptcy. |
| 14-17183 | Baljit | 7221 Titonka Way | 7 | 5/2/14 | 2/2/16 | In settlement of complaint objecting to her discharge, Baljit was allowed to dismiss her case with a two-year ban on filing another case. |
| 14-19655 | Sonia | 7030 Woodyard Road (this is an investment property that Sonia and Baljit own together. This is not Sonia's residence) | 13 | 6/16/14 | 7/15/14 | Order dismissing case for failure to file Schedules and SOFA. |
| 16-12129 | Sonia | 802 Grand Champion Dr. (this is Sonia's residence) | 13 | 2/23/16 | 5/3/16 | Order dismissing case for failure to file Schedules and SOFA. |
| 16-26474 | Sonia | Lives: 802 Grand Champion Dr. Mailing: 7721 Titonka Way | 13 | 12/19/16 | 1/10/17 | Order dismissing case for failure to pay filing fee. No Schedules or SOFA filed. |
| 17-22398 | Sonia | Lives: 802 Grand Champion Dr. Mailing: 7721 Titonka Way | 13 | 9/5/17 | 10/25/17 | Order dismissing case for failure to file Schedules and SOFA. |
| 18-11406 | Sonia | Lives: 7030 Woodyard Rd. | 13 | 2/1/18 | 2/21/18 | Order dismissing case for failure to file Schedules and SOFA |

| | | Mailing: 7221 Titonka Way | | | | |
|---|---|---|---|---|---|---|
| 18-18710 | Sonia | 802 Grand Champion Drive | 13 | 6/29/18 | 7/25/18 | Order dismissing the case for failure to pay filing fee. No Schedules or SOFA were filed. |
| 19-11924 | Sonia | Lives: 802 Grand Champion Dr. <br><br> Mailing: 7721 Titonka Way | 13 | 2/14/19 | 4/1/19 | Case dismissed on motion of Chapter 13 Trustee because Debtor was a serial filer. No Schedules or SOFA were filed. **Sonia was banned from filing another bankruptcy for a one year.** |
| 19-13830 | Baljit | 7221 Titonka Way | 13 | 3/22/19 | 4/24/19 | Case dismissed for failure to pay filing fee. No Schedules or SOFA were filed. |
| 19-18385 | Baljit | 7221 Titonka Way | 13 | 6/20/19 | 7/31/19 | Case dismissed for failure to pay filing fee. No Schedules or SOFA were filed. |
| 20-12930 | Baljit | 7221 Titonka Way | 13 | 3/5/20 | --- | No Schedules or SOFA have been filed to date. |

## ARGUMENT

13. This Court should dismiss this case and bar Baljit from filing for bankruptcy relief for two (2) years because these serial filings constitute a flagrant abuse of the bankruptcy system under Section 1307.

**A.    This Case Represents an Abuse under Section 1307.**

14.     All bankruptcy cases must be initiated in good faith. *In re McCoy*, 237 B.R. 419 (Bankr. S.D. Ohio 1999); *In re Studio Five Clothing Stores, Inc.*, 192 B.R. 998, 1006-08 (Bankr. C.D. Cal. 1996). *See generally Grogan v. Garner,* 498 U.S. 279, 286-87 (1991) (finding that,

6

through the Bankruptcy Code, Congress gave only "*honest but unfortunate debtor[s]*" the ability to obtain a financial "'fresh start'") (Citation omitted) (Emphasis added).

15. A Chapter 13 case can be dismissed for cause pursuant to 11 U.S.C. § 1307. *In re Taal,* 520 B.R. 370 (Bankr. N.H. 2014).

16. Section 1307(c) provides that on request by a party-in-interest or the United States Trustee and after notice and a hearing, the court may dismiss a case under this chapter or convert the case to a chapter 7, whichever is in the best interests of the creditors and the estate, for cause.

17. "While 'bad faith' is not an enumerated "cause" under § 1307(c)(1)–(11), 'it is well established that lack of good faith (or bad faith) is 'cause' for dismissal or conversion of a Chapter 13 case.' *In re Taal*, 520 B.R. 370 (Bankr. D.N.H. 2014) (citing *Sullivan v. Solimini (In re Sullivan)*, 326 B.R. 204, 211 (1st Cir. BAP 2005); *In re Grischkan*, 320 B.R. 654 (Bankr. N.D. Ohio 2005) ("A debtor's lack of good faith is cause to dismiss a case'); *Alt v. United States (In re Alt)*, 305 F.3d 413, 418–19 (6th Cir.2002) (noting there is abundant authority to support dismissing a chapter 13 case that is not filed in good faith under § 1307(c)).

18. Under § 1307(c), the moving creditor has the burden of proving a lack of good faith on the part of the debtor. *In re Taal*, 520 B.R. 370 (Bankr. D.N.H. 2014).

19. "The issue of a debtor's good faith in filing a chapter 13 case is fact specific and the totality of circumstances must be considered." *Alt v. United States (In re Alt)*, 305 F.3d at 419-420. "Multiple filings and filing on the eve of foreclosure absent a positive change in the debtor's circumstances are probative of bad faith." *In re Grischkan*, 320 B.R. at 658; *In re Herrera*, 194 B.R. 178, 187 (Bankr. N.D. Ill. 1996).

7

20. A debtor's history of filings and dismissals may be evidence of a bad-faith filer. *In re Tomlin,* 105 F.3d 933, 941-42 (4th Cir. 1997) (affirming the dismissal of a serial bankruptcy filer's sixth bankruptcy case with prejudice to refiling for 180 days); *In re Legree*, 285 B.R. 615, 618 (Bankr. E.D. Pa. 2002) ("Serial filing should also be weighed in considering the totality of circumstances. A history of serial filings and dismissal can be evidence of bad faith.").

21. "A debtor's pre-petition conduct and 'the frequency with which the debtor has sought previous bankruptcy relief' are elements in the debtor's total circumstances." *Id.* (quoting *Society Nat'l Bank v. Barrett*, 964 F.2d 588, 592 (6th Cir. 1992)). In fact, some courts consider serial filing as a badge of bad faith. *Casse v. Key Bank Nat'l Ass'n* (*In re Casse)*, 198 F.3d 327, 340-41 (2d Cir. 1999) (dismissal with prejudice is warranted where a debtor files a series of bankruptcy petitions that are strategically timed to thwart a secured creditor from foreclosing on its collateral).

22. Factors that have been considered in determining whether a serial filer has initiated a bankruptcy case in bad faith include:

    A. The length of time between the prior cases and the present case;

    B. Whether the successive cases were filed to obtain favorable treatment afforded by the automatic stay;

    C. The effort made to comply with prior case plans;

    D. The fact that Congress intended a debtor to achieve her goals in a single case;

    E. Whether there was a material change in the debtor's circumstances since the previous filing that warrants a fresh start;

    F. Whether the debtor can show a confirmable and feasible chapter 13 plan;

    G. Whether the debtor's history of past filing reflects an intent to abuse the bankruptcy process through a strategy of successive filings without any real reorganization effort.

*In re Legree*, 285 B.R. at 619.

  23. An examination of the dockets in Baljit/Sonia's cases reveals a disturbing pattern of bad faith, including sequential filings to frustrate creditors.

  24. The application of the *Legree* factors to this case leads to the inescapable conclusion that the Debtor has filed this case in bad faith.

    A. The length of time between each of the most recent bankruptcies in Baljit's name has been very short.   Baljit filed the instant case just eight months after her last case was dismissed.   Baljit had been planning to file this instant bankruptcy case since December 2019. *See* Email dated December 19, 2019, attached as Exhibit 2.   Baljit did not file bankruptcy immediately because she was out of the county from January 7, 2020.   The email states that Baljit will be out of the county until March 20, 2020; however, this bankruptcy was filed on March 5, 2020.

    B. The pattern and dates of these filings clearly suggest that Baljit has filed successive cases to frustrate her creditors and obtain the favorable treatment afforded by the automatic stay.   At different times, both Baljit and Sonia have been banned from filing bankruptcy.   Baljit was barred for a period of two years, which ban expired a long time ago.

Most recently, Sonia was banned for a period of one year.   Sonia's ban will terminate on April 1, 2020.   Baljit and Sonia (or Baljit using Sonia's name) have filed these successive cases to frustrate their creditors, including Miller, Long & Arnold Co., Inc. ("MLA").

MLA filed a complaint against Baljit, Sonia and Baljit's company, American General Contractor, Inc. ("AGC") to recover $186,368.84, which was paid by MLA to AGC in connection with the construction of a new building on the campus of the University of Maryland Baltimore County.   MLA was the concrete subcontractor on the Project and retained AGC to act as a broker for the purchase and delivery of the wet concrete material that MLA needed to perform its work on the Project, which was supplied by Vulcan Materials Company ("Vulcan") through AGC. The payment of $186,368.84, which included $179,200.81 payable to Vulcan for the material, was made pursuant to a joint check agreement between MLA, AGC, and Vulcan, and was in place to guarantee that Vulcan would receive payment.   In violation of the payment agreement, instead of paying Vulcan, Baljit diverted and transferred the funds to Sonia.   As a result, MLA was forced to issue a duplicate payment of $179,200.81 to Vulcan directly to satisfy the debt owed to Vulcan.

MLA has sued AGC for breach of contract and has sued Baljit individually, for violation of Maryland's Construction Trust Fund Statute and for intentional misrepresentation and conspiracy to commit fraud.   MLA also sued Sonia for conspiracy and aiding and abetting, and has sued all parties to set aside a fraudulent conveyance under the Maryland Code, Commercial Law Article, § 15-201, et seq.

The Circuit Court for Montgomery County has awarded summary judgment to MLA on two counts of the complaint.   The remaining counts are fraud, conspiracy, aiding &

10

abetting and violation of the fraudulent conveyances act—as to Sonia, Baljit and AGC.   Prior to the filing of this case, there was a mediation scheduled for March 12, 2020, and a trial scheduled for March 25, 2020.   Clearly, Baljit filed bankruptcy to stop the trial.

        C.    The Debtor has made little, if any, effort to comply with most of her prior case requirements.   In the last nine cases filed in Baljit's and Sonia's name, no Schedules or Statement of Financial Affairs were filed.   True to form, Baljit has not filed Schedules or Statement of Financial Affairs in this case.

        D.    Congress intended that a debtor should achieve her goals in a single case.

        E.    There are no apparent material changes in Baljit's circumstances since the previous filing that warrants a fresh start.

25.    Baljit's history of past filings either in her name or in the name of Sonia reflects an intent to abuse the bankruptcy process through a strategy of successive filings without any reorganization effort.   Baljit has ignored the burdens that her serial filings have placed on the judicial system, the trustees, and all affected administrative staff.   For these reasons, the Court should dismiss the instant case.   In addition, the Court should impose a temporal bar on refiling another bankruptcy case.

26.    The United States Court of Appeals for the Fourth Circuit agrees: "In order to prevent abuse of the bankruptcy process by bad faith filings, courts have authority to dismiss bankruptcy cases, enjoin future filings, and impose sanctions under sections 105(a) and 109(g)(1), and permanently bar discharge of specific debts or a class of debts under section 349(a)." *In re Tomlin*, 105 F.3d 933 (4th Cir. 1997) (holding that the Bankruptcy Code provides a bankruptcy court with authority both to bar subsequent discharge of existing debt and to bar

successive petitions under Section 109(g)).  *See also In re McCoy*, 237 B.R. 419, 422 (Bankr. S.D. Ohio 1999) (citing *In re Cooper*, 153 B.R. 898 (D. Colo.), *aff'd,* 13 F. 3d 404 (10th Cir. 1993)); *In re Stathatus*, 163 B.R. 83, 87-88 (Bankr. N.D. Tex. 1993); *In re Jones*, 41 B.R. 263, 267 (Bankr. D.C. Cal. 1984).

27. Section 349 states that dismissal does not bar future filings or discharge unless the Court for cause orders otherwise.

28. When addressing the bankruptcy court's authority to bar the discharge of debts in later cases, the Fourth Circuit has stated that "a dismissal order that bars subsequent litigation is a severe sanction warranted only by egregious misconduct."  *In re Tomlin*, 105 F.3d at 938.

29. On this subject, the *Tomlin* Court added:

Generally, only if a debtor engages in egregious behavior that demonstrates bad faith and prejudices creditors   for example, concealing information from the court, violating injunctions, or filing unauthorized petitions, will a bankruptcy court forever bar the debtor from seeking to discharge then existing debts.

*Id.*

30. This Court has the discretion to prohibit Baljit from filing a new case for a period of at least 180 days.  Our court of appeals has recognized that § 349(a) gives a bankruptcy judge discretion to order otherwise "for cause and to dismiss a petition with prejudice; this discretion may be exercised either to prohibit the filing of a petition within a set time, or it may preclude the debtor from receiving a discharge in bankruptcy of debts in existence when the case is dismissed."  *In re Weaver*, 222 B.R. 521, 522 (Bankr. E.D. Va. 1998) *(citing In re Tomlin*, 105 F.3d 933, 937 (4th Cir. 1997)).  The *Tomlin* Court observed: "The usual remedy for a bad faith filing is a dismissal pursuant to § 109(g), which works to prohibit the filing by a debtor of any case under Title 11 for a period of 180 days."  *Tomlin*, 105 F.3d at 938-39.  *See also In re*

*Davis*, 239 B.R. 305, 306 (Bankr. D. Md. 1999) (banning debtor from refiling for 12 months); *In re Robertson*, 206 B.R. 826, 831 (E.D. Va. 1996) (bar on refiling for 417 days).

  31. Baljit's conduct warrants the extreme sanction of barring refiling for a period exceeding six months.  The United States Trustee asks that the Court bar Baljit from filing another bankruptcy petition for two years.

  32. Pursuant to Local Bankruptcy Rule 9013-2, the United States Trustee relies solely upon the present Motion, and no additional memorandum of fact or law will be filed in support.

  33. Pursuant to Local Bankruptcy Rule 9013-6, the United States Trustee consents to entry of final orders or judgments by the Bankruptcy Judge.

  WHEREFORE, the United States Trustee respectfully requests that:

  A. The Motion to Dismiss Case with Prejudice be granted;

  B. The case be dismissed;

  C. The Debtor be barred from refiling or otherwise initiating a bankruptcy case for at least two years from the date of entry of this Court's Order;

  D. The Debtor is barred from filing or otherwise initiating a bankruptcy case in the name of Sonia Kochhar for at least two years from the date of entry of this Court's Order; and

  E. The Court award such other and further relief as is necessary and appropriate.###
#
#

Dated: March 11, 2020 Respectfully submitted,

**JOHN P. FITZGERALD, III**
United States Trustee for Region 4
By Counsel:

*/s/ Lynn A. Kohen*
Lynn A. Kohen, Bar No.: 10025
6305 Ivy Lane, Suite 600
Greenbelt, MD 20770
(301) 344-6216
Fax: (301) 344-8431
Email: lynn.a.kohen@usdoj.gov

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this day of March 11, 2020, I caused to be served a true and correct copy of the **MOTION TO DISMISS WITH PREJUDICE and proposed Order** by ECF notification and/or by first-class U.S. mail, postage prepaid, upon:

*BY ECF NOTIFICATION TO:*

Rebecca A. Herr at ect2ch13md.com

**BY FIRST-CLASS, POSTAGE PREPAID TO:**

Baljit Kochhar
7221 Titonka Way
Derwood, MD 20855

*/s/ Lynn A. Kohen*
Lynn A. Kohen